IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**BRIAN CHARLES GREGG,**

      **Plaintiff,**

v.                                                                                       Civil Action No. 5:06cv121
                                                                                       (Judge Stamp)

**CITY OF WHEELING;**
**LOUIS DIVORCIC, Detective**,

      **Defendant.**

### REPORT AND RECOMMENDATION

Th plaintiff, a *pro se* inmate, currently incarcerated at the Mount Olive Correctional Complex in Mount Olive, West Virginia, initiated this case pursuant to a civil rights complaint filed on October 16, 2006. On December 22, 2006, he was granted leave to proceed *in forma paperis*. Accordingly, this case is now before the undersigned for a preliminary review and report and recommendation pursuant to 28 U.S.C. §§ 1915(e) and 1515(A) and LR PL P 83.01, *et seq*.

**I. The Complaint**

In the complaint, the plaintiff alleges that he is seeking damages against the defendants' various actions that lead to his wrongful conviction. Although the plaintiff supplies no dates, it would appear that some time prior to his conviction in the Circuit Court of Ohio County on May 7, 2004, Detective Divorcic handcuffed the plaintiff and took him to the Wheeling Downs race track. The plaintiff alleges that he was paraded around the facility in an embarrassing and humiliating fashion. He further alleges that he was never placed under arrest and was eventually released. The plaintiff also alleges that Detective Divorcic took his photograph to a crime scene, altered it, and then pointed to it, thereby contaminating the photo spread and pinning the crime on him. Finally,

the plaintiff alleges that the Wheeling police handcuffed him without reading him his rights and falsely accused him of being a robber. As damages, the plaintiff seeks $1,000,000, three properties, and a public apology from the Mayor of Wheeling for his wrongful conviction.

## II. Standard of Review

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. 28 U.S.C. § 1915A. Pursuant to § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. 1915A(b).

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III. Analysis

This case should be dismissed as frivolous because plaintiff has no chance of success. In Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994), the Supreme Court of the United States found:

---

[1] Id. at 327.

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus . . .

Heck at 487 (footnote omitted). Moreover, the Supreme Court stated that one reason for imposing such a requirement is to prevent a convicted criminal defendant from collaterally attacking his criminal conviction through a civil suit. Id. at 484.

Upon review of the complaint, it is clear that a decision favorable to the plaintiff in this case "would necessarily imply the invalidity of his conviction or sentence"[2] and that the plaintiff has failed to make a showing that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Accordingly, the plaintiff has no chance of success on the merits and his claim is frivolous.

## IV. Recommendation

In consideration of the foregoing, it is recommended that the plaintiff's complaint be DISMISSED as frivolous.

Within ten (10) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal

---

[2] Harden v. Pataki, 320 F.3d 1289, 1291 (11th Cir. 2003) (citing Heck at 487).

3

from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. The Clerk is further directed to provide a copy of this Report and Recommendation to any counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

IT IS SO ORDERED.

DATED: March 11, 2008

  /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE